# IN THE COURT OF APPEALS OF IOWA

No. 14-0593
Filed June 11, 2014

**IN THE INTEREST OF S.B. and T.B.,**
Minor Children,

**N.B., Father,**
    Appellant,

**S.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Robert Dull, District Associate Judge.

A mother and father appeal from the order terminating their parental rights. **AFFIRMED.**

Jim L. Bybee of Bybee Law Office, P.C., LeMars, for appellants.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy K. Oetken, Assistant County Attorney, for appellee State.

Kathryn Kirts of Juvenile Law Center, Sioux City, for minor children.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

A mother and father appeal from the termination of their parental rights to their two children, S.B., born in October 2012, and T.B., born in August 2011. The parents' rights were terminated pursuant to Iowa Code section 232.116(1)(d) and (h) (2013). The parents contend neither statutory ground is properly supported. Unfortunately, the parents' were unable to keep a clean and safe home on a continual basis. They admitted at times being overwhelmed and stressed in their efforts to parent the children. They were able to make progress at times only to have the progress stop. We affirm.

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence a child three years or younger who has been adjudicated a child in need of assistance (CINA) and removed from the parents' care for at least six of the last twelve months cannot be returned to the parents' custody at the present time. Iowa Code § 232.116(1)(h).

There is clear and convincing evidence to support termination under section 232.116(1)(h). The children have been adjudicated CINA due to the parents' inability to provide safe, adequate housing and proper supervision—T.B. was adjudicated CINA on June 15, 2012; S.B. was adjudicated on January 11, 2013. Food, garbage, and clothes existed throughout the home, and on one visit

dog feces were found in one bedroom. At the outset, the parents were also unaware of safety concerns related to electrical cords in the home.

The children have been out of the parents' custody since November 28, 2012. After a September 13, 2013 permanency hearing, the parents were granted an additional three months to achieve reunification. Unfortunately, a trial home placement lasted only four days, at which time the parents reported they were overwhelmed and voluntarily placed the children in foster care. At the time the children entered foster care, they were developmentally behind both physically and verbally.

Even though statutory grounds for termination exist, we must also consider whether termination of parental rights is in the children's best interests. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012); *see* Iowa Code § 232.116(2) (stating we are to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child").

These parents have received services for more than one and one-half years, including parenting classes; Family Safety, Risk, and Permanency (FSRP) services; and mental health treatment. At the time of the termination hearing, concerns about the parents' ability to provide proper supervision and a safe home environment continued. Though the parents have made some progress after the last removal, they still needed to be prompted during visits to interact with the children, to supervise them, and to provide structure for them. The mother suffers from several mental health diagnoses, and the father has shown an inability to handle the stress of a crying or screaming child. The FSRP worker

testified the children needed permanency. We note the children began to make progress in their developmental deficits quickly after they were placed in foster care. The department of human services social worker and the children's guardian ad litem both recommended termination of parental rights. We determine that termination of parental rights and adoption is in the children's best interests. Moreover, no factor weighing against termination exists. *See* Iowa Code § 232.116(3). We therefore affirm.

**AFFIRMED.**